IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY DALTON, DWIGHT COVINGTON,                    Civ. No. 09-358-AA
LADONNA GEORGE, and MARK RITCHIE,                 OPINION AND ORDER
on behalf of themselves and
all persons similarly situated,

          Plaintiffs,

    v.

SABO, INC., ROBERT A. HILL, and
SALLY A. HILL,

          Defendants.

---

AIKEN, Chief Judge:

     Plaintiffs filed suit alleging violations of the Fair Labor

Standards Act (FLSA), 29 U.S.C. § 216(b), based on defendants'

failure to pay overtime compensation.  Defendants move for summary

judgment against claims raised by plaintiffs Covington, George, and

Ritchie on grounds that they are exempt from FLSA overtime

requirements under the Motor Carrier Act.  Defendants also move for

summary judgment against plaintiff Dalton's claims, arguing that while he is entitled to overtime wages, defendants have paid him in full.  For the reasons set forth below, defendants' motion is granted, with the exception of an eight-week period during which plaintiff George was on light duty.

BACKGROUND

Defendant Sabo, Inc. (Sabo), doing business as Hoodview Vending, is a company operated by defendants Sally and Bob Hill, with its principle offices located in Tualatin, Oregon.  Sabo owns and maintains vending machines located across northwestern Oregon and southwestern Washington.

Plaintiffs Covington, Ritchie, and George were route drivers for Sabo.  They drove trucks loaded with items such as packaged snacks, condiments, fresh and frozen food, soda, coffee, bottled water, utensils and the like and delivered them to Sabo's vending machines in Oregon and Washington.

In May 2007, George was promoted to Route Supervisor, a position she maintained until November 2009.  In this capacity, George scheduled and trained new drivers on different routes, conducted route audits, issued memoranda on driver performance, filled in for drivers who were ill or on vacation, and recommended drivers for hire.  Approximately 75 percent of George's route supervisor duties involved training new drivers.  From November 2008 to January 2009, George was assigned to light duty after an

2 - OPINION AND ORDER

employment-related injury, and she performed receptionist and other clerical office duties.

Plaintiff Dalton was a technician. Dalton drove a repair van and performed maintenance and repairs on Sabo's machines.

According to defendants' submissions, Sabo owns at least nine delivery vehicles, four with gross vehicle weight (GVW) ratings in excess of 10,000 pounds and five with GVW ratings of 10,000 pounds. Defendants assert that three vehicles with ratings of 10,000 pounds were retrofitted to carry more than 10,000 pounds. Defendants also submitted evidence that the majority of trucks driven by plaintiffs actually weigh more than 10,000 pounds. According to defendants, plaintiffs were responsible for driving any Sabo vehicle at any given time, given scheduling or maintenance issues.

On April 7, 2009, plaintiffs filed suit under the FLSA alleging that defendants failed to pay required overtime compensation during weeks each plaintiff worked more than forty hours. Plaintiffs seek unpaid overtime wages, liquidated damages, costs, and attorney fees.

STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" when a reasonable jury could

return a verdict for the non-moving party based on the evidence in the record.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986).  A factual dispute is "material" when it could affect the outcome of the case under the governing law.  Id.

The moving party has the burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of genuine issues of material fact, the nonmoving party must go beyond the pleadings and identify specific facts which show a genuine issue for trial.  Id. at 324.  Summary judgment is thus appropriate when the non-moving party fails to present evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

Under Rule 56(c), the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Anderson, 477 U.S. at 255.  However, the Ninth Circuit has refused to find a genuine issue of fact where the only evidence presented is "uncorroborated and self-serving" testimony.  Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996).

DISCUSSION

Under the FLSA, employers are required to compensate employees at the rate of one and one-half of their regular hourly rate when

4  - OPINION AND ORDER

employees work more than forty hours in a given work week. 29 U.S.C. § 207(a). However, the FLSA exempts from overtime requirements "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of" the Motor Carrier Act (MCA). Id. § 213(b)(1).

The "fundamental test" for determining whether the MCA exemption applies is whether "the employee's activities affect safety of operation" of motor vehicles and are therefore within the jurisdiction of the Secretary of Transportation. Levinson v. Spector Motor Serv., 330 U.S. 649, 671 (1947). Generally, "[t]he duties of drivers affect safety of operation, so drivers employed by motor carriers covered by the Motor Carrier Act are subject exclusively to the authority of the Secretary of Transportation." Mayan v. Rydbom Exp., Inc., 2009 WL 3152136 *3 (E.D. Pa. Sept. 30, 2009) (citing Levinson, 330 U.S. at 664-65). Defendants contend that Covington, George, and Ritchie are exempt from FLSA overtime requirements under the MCA, because their employment duties affected the safety of Sabo's motor vehicle operations.

Before August 2005, a "motor carrier" was defined as a "person providing motor vehicle transportation for compensation," and the MCA exemption "applied to all drivers operating in interstate commerce, regardless of the weight of the vehicle driven." Glanville v. Dupar, Inc., 2009 WL 3255292 *4 (S.D. Tex. Sept. 25,

2009) (citing 49 U.S.C. § 13102 (2002)).  Therefore, prior to
August 2005, Sabo was a motor carrier and the MCA exemption applied
to its drivers.

On August 10, 2005, Congress passed the Safe, Accountable,
Flexible, Efficient Transportation Equity Act: A Legacy for Users
(SAFETEA-LU), Pub. L. No. 109-59.  This act amended the term "motor
carrier" to mean "a person providing commercial motor vehicle . .
. transportation for compensation."  49 U.S.C. 13102(14) (2005).
Under the MCA, "commercial motor vehicle" is defined, in pertinent
part, as:

> [A] self-propelled or towed vehicle used on the highways
> in  interstate  commerce  to  transport  passengers  or
> property, if the vehicle—
>
> > (A) has a gross vehicle weight rating or gross
> > vehicle weight of at least 10,001 pounds, whichever
> > is greater; . . .

49 U.S.C. § 31132(1).  Consequently, those persons or entities who
did not operate "commercial" motor vehicles, i.e., those with a GVW
rating  or  actual  weight  exceeding  10,000  pounds,  were  not
considered "motor carriers" under the MCA and their employees were
not exempt from FLSA overtime requirements.

On June 6, 2008, Congress passed the SAFETEA-LU Technical
Corrections Act of 2008, Pub. L. 110-244 (2008).  This Act restored
the previous definition of "motor carrier" by replacing "commercial
motor vehicle" with "motor vehicle."  Id. § 305(c); 49 U.S.C §
13102(14).  However, the Act retained FLSA overtime protection for

any "covered employee," defined as an individual:

> (1) who is employed by a motor carrier or motor private
> carrier . . .
>
> (2) whose work, in whole or in part, is defined-
>> (A) as that of a driver, driver's helper, loader,
>> or mechanic; and
>> (B) as affecting the safety of operation of motor
>> vehicles weighing 10,000 pounds or less in
>> transportation on public highways in interstate or
>> foreign commerce .... [and]
>
> (3) who performs duties on motor vehicles weighing 10,000
> pounds or less.

Id. § 306(a) and (c); see also Note to 29 U.S.C. § 207. In other
words, FLSA overtime requirements apply to motor carrier employees
whose employment duties involve the safety of motor vehicles
weighing 10,000 pounds or less. Thus, to establish the
applicability of the MCA exemption after August 10, 2005,
defendants must show that Sabo is a motor carrier under the MCA and
that the employment duties of Covington, Ritchie and George
involved the safety of motor vehicles weighing more than 10,000
pounds in interstate commerce.

I find that Sabo meets the definition of "motor carrier" after
enactment of the SAFETEA-LU Act and the SAFETEA-LU Corrections Act.
Sabo provides motor vehicle transportation, including motor
vehicles exceeding 10,000 pounds, for compensation in interstate
commerce. Similarly, the employment duties of Covington, Ritchie,
and George - either as drivers or route supervisor - involved motor
vehicles transporting goods on public highways in interstate

7 - OPINION AND ORDER

commerce, thus affecting the safety of operations. See Robert Hill
Decl., Ex. 19-25; Gamblin Decl., Exs. 2-4; George Suppl. Decl.
(stating that she either drove or rode in Sabo's trucks while
training drivers). Finally, I find that defendants produce
competent and unrebutted evidence that the vehicles driven by
Covington, Ritchie, and George either had gross vehicle weight
ratings in excess of 10,000 or actually weighed in excess of 10,000
pounds. See Dubois Decl., Exs. 21-22; Robert Hill Decl.; Robert
Hill Suppl. Decl., Exs. 34-35.[1] Therefore, Covington, Ritchie, and
George were exempt from the overtime requirements of the FLSA while
performing their duties as drivers and route supervisor. See 29
C.F.R. § 782.2(a) (exemption depends both on class to which
employer belongs and class of work involved in employee's job).

Plaintiffs nonetheless contend that defendants fail to meet
their burden of establishing applicability of the MCA exemption,
because the evidence presented does not prove that the vehicles
driven by Covington, George, or Ritchie actually weighed more than
10,000 pounds during each work week at issue. Plaintiffs produce
declarations from Covington and Ritchie asserting that they could
tell how much their vehicles weighed by how the vehicle "felt"
while driving them, and that their vehicles never weighed more than

---

[1]Two vehicles driven by George actually weighed less than
10,000 pounds. However, the GVW rating exceeded 10,000 pounds,
and for the reasons explained *infra*, the fact that George
occasionally drove vehicles weighing 10,000 pounds or less does
not alter my analysis or resolution of the parties' motions.

10,000 pounds. <u>See</u> Covington Decl., ¶¶ 4-8; Ritchie Decl., ¶¶ 4-8.

I am not persuaded and do not find plaintiffs' declarations to be competent evidence of the vehicles' weight absent evidentiary support. Notably, plaintiffs present no other evidence regarding the actual weight of the vehicles and do not argue or suggest they were prevented from obtaining such evidence from defendants. Given that defendants' evidence is not rebutted by "specific facts" as required by Rule 56(c), I find that Covington, Ritchie and George performed duties on vehicles weighing more than 10,000 pounds.

Regardless, even if each of these plaintiffs occasionally performed duties on vehicles weighing 10,000 pounds or less, "when mixed activities occur, the Motor Carrier Act favors coverage of the employee during the course of employment." <u>Hernandez v. Brink's, Inc.</u>, 2009 WL 113406 *6 (S.D. Fla. Jan. 15, 2009). Indeed, applicable regulations provide that:

> [I]f the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers . . . that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities . . . he comes within the exemption in all workweeks when he is employed at such job.

29 C.F.R. § 782.2(b)(3). In other words, if Covington, George, or Ritchie performed or were expected to perform duties on vehicles weighing in excess of 10,000 pounds in the normal course of their duties as drivers or route supervisor, the MCA exemption applies. Defendants present uncontested evidence that Sabo drivers were

9 - OPINION AND ORDER

expected to drive any Sabo vehicle at any given time.

    Moreover, I agree with defendants that:

> Dividing jurisdiction over the same drivers, with the
> result that their employer would be regulated under the
> Motor Carrier Act when they were driving the big trucks
> and under the Fair Labor Standards Act when they were
> driving trucks that might weigh only a pound less, would
> require burdensome record-keeping, create confusion, and
> give rise to mistakes and disputes.

Collins v. Heritage Wine Cellars, Ltd., 589 F.3d 895, 901 (7th Cir.

2009). Accordingly, I find that the employment duties of

Covington, Ritchie and George as drivers and route supervisor

involved motor vehicles that weighed 10,001 pounds or more, thus

affecting the safety of operations within the meaning of the MCA

exemption.

    The only exception I find is with respect to George's

employment duties while she was assigned to light duty from

November 29, 2008 to January 27, 2009. Sally Hill Decl., pp. 1-2.

During this time, George's employment title was route supervisor,

but she claims that she performed receptionist and other office

duties and did little of her supervisory duties. George Decl., p.

2. Unlike her driver and route supervisor duties, a question of

fact exists as to whether George's office duties while on light

duty involved the safety of vehicles weighing in excess of 10,000

pounds. 29 C.F.R. § 782.2(b)(2) (in determining whether exemption

applies, the controlling factor is the "character of the activities

involved in the performance" of the job). Likewise, a question of

fact exists as to whether the administrative exemption of the FLSA
applies to George during this time period, given the parties'
differing versions of her employment duties.  George Suppl. Decl.,
p. 3.  Therefore, defendants' motion is denied with respect to the
eight-week period during which George was assigned to light duty.

With respect to Dalton, defendants admit that he is not exempt
from FLSA overtime requirements under the MCA.  However, defendants
maintain that he has been paid all overtime wages due and move for
summary judgment accordingly.  Dalton maintains that he is entitled
to additional overtime wages for the relevant period, because
defendants did not calculate his rate of pay correctly.  The
parties agree that defendants' calculations are correct if Dalton
and defendants had a clear, mutual understanding that he would be
paid on a salary basis.

The record reflects a clear understanding between the parties
that Dalton would be paid a salary wage.  Sally Hill Decl., Ex. 17;
Gamblin Decl., Ex. 5, p. 8, Ex. 33.  Dalton testified to this fact
at his deposition, and to the extent his declaration is considered,
he identifies only one occasion that he was paid for less than a
forty-hour workweek.  Dalton Suppl. Decl., ¶5.  Defendants maintain
the reduction was for vacation/sick time that Dalton had not
accrued, and Dalton cannot remember why he was paid less on that
occasion.  Therefore, I find no genuine issue of fact that
precludes summary judgment with respect to Dalton.

11 - OPINION AND ORDER

<u>CONCLUSION</u>

Defendants' Motion for Summary Judgment (doc. 27) is GRANTED with respect to plaintiffs Covington, Ritchie, and Dalton and GRANTED in part with respect to plaintiff George, as set forth above. Plaintiffs' Motion for Partial Summary Judgment (doc. 19) is DENIED. Defendants' Motion to Strike (doc. 36) is DENIED as moot.

IT IS SO ORDERED.

Dated this _1st_ day of April, 2010.


_____
Ann Aiken
United States District Judge


12 - OPINION AND ORDER